512

## Artz v. Artz

*Alvin E. Maurer, Jr.,* for plaintiff.

DALTON, J., January 16, 1950.—Plaintiff seeks a divorce on the grounds of desertion and adultery. The adultery is alleged to have been committed with a person specifically named in the complaint.

There is nothing in the record to show that notice was served upon the corespondent. Pa. R. C. P. 1136, which supplies the provisions of the Divorce Code of May 2, 1929, P. L. 1237, sec. 38, 23 PS §38, as amended, provides that:

"If a person is named or otherwise identified in the complaint or bill of particulars, or in the course of the hearing, as a corespondent in an action on the ground of adultery, the plaintiff shall give him ten (10) days' written notice, either personally or by registered mail directed to his last known address, of the pendency of the action, that he has been named as a corespondent, and the time and place at which he may appear and be heard."

Notice to the corespondent is mandatory: Brower v. Brower, 157 Pa. Superior Ct. 426; and the record must affirmatively show that the notice was served: Nace v. Nace, 16 D. & C. 528; Rosch v. Rosch, 16 D. & C. 636.

"Corespondent was entitled to notice in accordance with the procedure prescribed by the act, and thus afforded an opportunity to be heard. . . . Such charges are easily made and sometimes recklessly so; a purpose of the quoted section of the act is to afford protection to the reputation of persons named as corespondents in divorce cases": Brower v. Brower, 157 Pa. Superior Ct. 426, 432-433.

While it is true that the master has recommended a divorce on the ground of desertion only, yet in his report he says:

"It is the master's opinion that in view of the fact that plaintiff has made out an absolute case of divorce on the grounds of desertion it is unnecessary to discuss the ground of adultery, although from the testimony that ground was sufficiently established."

We do not think that the master's recommendation of a divorce on other grounds operates to relieve plaintiff from the duty of giving notice to corespondent, since the complaint charged corespondent with adultery, and the purpose of the notice is to give the corespondent an opportunity to protect his reputation. See Stong v. Stong, 17 D. & C. 105, 106, where the same conclusion was reached.

The case must therefore be referred back to the master, so that plaintiff may serve notice on corespondent in accordance with Pa. R. C. P. 1136.

"The master should hold another hearing and take testimony a second time and make report thereon, unless corespondent should fail to attend such second hearing or should, in writing, waive his right to notice and to be heard, in which case the master should report accordingly": Group v. Group, 55 D. & C. 187, 188.

And now, January 16, 1950, the master's report is referred back to the master for further proceedings as indicated in the foregoing opinion.